**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 20 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ARMANDO MORALES-MARAVILLA, Petitioner, v. ERIC H. HOLDER Jr., Attorney General, Respondent. | Nos. 06-74374 06-75511 Agency No. A091-757-762 MEMORANDUM [*] |

On Petitions for Review of Orders of the
Board of Immigration Appeals

Submitted January 11, 2010[**]

Before:     BEEZER, TROTT, and BYBEE, Circuit Judges.

In these consolidated petitions for review, Armando Morales-Maravilla, a

native and citizen of Mexico, petitions for review of the Board of Immigration

Appeals' ("BIA") August 15, 2006, order dismissing his appeals from an

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

RB/Research

immigration judge's ("IJ") order denying his application for cancellation of

removal and his subsequent motion to reconsider, and the BIA's November 21,

2006, order denying his motion to reconsider. Our jurisdiction is governed by 8

U.S.C. § 1252. We review for abuse of discretion the denial of a motion to

reconsider, and de novo claims of due process violations in immigration

proceedings. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). In

No. 06-74374, we dismiss in part and deny in part the petition for review, and in

No. 06-75511, we deny the petition for review.

We lack jurisdiction to review the BIA's discretionary decision denying

Morales-Maravilla's application for cancellation of removal. *See* 8 U.S.C.

§ 1252(a)(2)(B)(i); *Romero-Torres v. Ashcroft*, 327 F.3d 887, 890 (9th Cir. 2003).

Morales-Maravilla's claim that the IJ violated due process by admitting

police reports from his 1998 domestic conviction fails because the reports were

probative, and their admission was not fundamentally unfair. *See Espinoza v. INS*,

45 F.3d 308, 310-11 (9th Cir. 1995) (noting that "[t]he sole test for admission of

evidence [in a deportation proceeding] is whether the evidence is probative and its

admission is fundamentally fair").

We reject Morales-Maravilla's challenge to the BIA's orders denying

reconsideration, because the motions failed to identify any error of fact or law in

the underlying orders.  *See* 8 C.F.R. § 1003.2(b)(1); *Socop-Gonzalez v. INS*, 272

F.3d 1176, 1180 n.2 (9th Cir. 2001) (en banc).

Morales-Maravilla's remaining contentions lack merit.

**IN No. 06-74374: PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

**IN No. 06-75511: PETITION FOR REVIEW DENIED.**